UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAN ZHAI,<br><br>      Petitioner,<br><br> v.<br><br>UR JADDOU, Director, U.S. Citizenship and Immigration Services (USCIS); JONATHAN Q. WEEKS, Director, Seattle Field Office, USCIS; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>      Respondents. | CASE NO. 2:23-cv-01892-TL<br><br>ORDER ON MOTION TO REMAND |

  This is an action for adjudication of a naturalization application. The matter is before the Court on Respondents' Motion to Remand Pursuant to 8 U.S.C. § 1447(b). Dkt. No. 19. Having reviewed Petitioner Dan Zhai's response (Dkt. No. 25), Respondents' reply (Dkt. No. 26), and the relevant record,[1] the Court GRANTS the motion and REMANDS this matter to the United States Citizenship and Immigration Services ("USCIS") with instructions.

---

[1] Following Respondents' reply, Petitioner filed a "Reply in Support of Petitioner's Objection to Respondents' Motion to Remand Pursuant to 8 U.S.C. § 1447(b)." Dkt. No. 27. Pursuant to Local Civil Rule 7, each party opposing a motion may file a brief in opposition, LCR 7(b)(2), and the moving party may file a reply brief in support of the motion, LCR 7(b)(3). A surreply—that is, a second response from a party in opposition—is not permitted, except for a request to strike material from the moving party's reply brief. *See* LCR 7(g). Here, Petitioner's "reply" is an unauthorized surreply.

ORDER ON MOTION TO REMAND - 1

On December 10, 2023, Petitioner Dan Zhai commenced this action. Dkt. No. 1; *see also* Dkt. No. 23 (amended petition). Petitioner filed her naturalization application on December 13, 2022, and completed a first interview on July 18, 2023, but her application remains pending. Dkt. No. 23 ¶ 1. Respondents now request that the Court "remand the matter to USCIS with instructions to schedule [Petitioner's] follow-up interview within 30 days of the remand order and then adjudicate within 30 days of the interview." Dkt. No. 19 at 2; *see also* Dkt. No. 26 (reply). USCIS states that adjudication will be completed within 30 days of the interview or 60 days if a Notice of Intent to Deny ("NOID") is issued. *See* Dkt. No. 20 (Miller declaration) ¶ 4. Plaintiff opposes remand and asks the Court to adjudicate the application itself. Dkt. No. 25.

"A person seeking naturalization must file an application with the USCIS." *Yith v. Nielsen*, 881 F.3d 1155, 1159 (9th Cir. 2018). "[I]f a USCIS employee fails to make a determination 'as to whether the application should be granted or denied' . . . 'before the end of the 120-day period after the date on which the examination is conducted,' then the applicant 'may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.'" *Id.* (quoting 8 U.S.C. § 1447(b)). "The district court 'has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter.'" *Id.* (quoting 8 U.S.C. § 1447(b)) (alteration in original). In other words, the district court is *not required* to hear the matter; instead, the district court has the discretion to "either determine the matter or remand the matter." 8 U.S.C. § 1447(b). The district court's jurisdiction is exclusive. *See United States v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004).

Here, the Court finds that remand to USCIS is appropriate. The agency has offered to conduct a follow-up interview with 30 days of remand and adjudication within 30 days, with a slightly longer timeline if a NOID is required. *See* Dkt. No. 20 ¶ 4. Contrary to Petitioner's

ORDER ON MOTION TO REMAND - 2

assertion (*see* Dkt. No. 25 at 3), this timeline is reasonable and falls squarely within—or is faster than—similar timelines ordered by other courts in the Ninth Circuit. *See, e.g.*, *Louayme v. Mayorkas*, No. C23-1009, 2023 WL 5516303, at *2 (E.D. Cal. Aug. 25, 2023) (ordering adjudication within 30 days of order), *report and recommendation adopted*, 2023 WL 6215361 (Sept. 25, 2023); *Shahri v. USCIS Sacramento Field Off.*, No. C21-1571, 2022 WL 1658737, at *1 (E.D. Cal. May 25, 2022) (ordering adjudication within 120 days of order), *report and recommendation adopted*, 2022 WL 4484113 (Sept. 27, 2022); *Rashid v. Dep't of Homeland Security*, No. C14-2109, 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017) (ordering adjudication within 60 days of order); *Gill v. Crawford*, No. C15-1633, 2016 WL 880952, at *2 (E.D. Cal. Mar. 8, 2016) (same).

Moreover, contrary to Petitioner's assertion (*see* Dkt. No. 25 at 3–4), USCIS is better suited than this Court to adjudicate Petitioner's application. *See I.N.S. v. Ventura*, 537 U.S. 12, 17 (2002) (noting that courts "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands," a principle with "obvious importance in the immigration context"); *Shahri*, 2022 WL 1658737, at *1 ("Here, like the majority of courts that have remanded naturalization applications to USCIS, the [undersigned] finds the executive branch is in a better position than this Court to decide Plaintiff's naturalization application." (quoting *Singh v. Crawford*, No. C13-1894, 2014 WL 1116989, at *3 (E.D. Cal. Mar. 19, 2014))). Eligibility for naturalization is a fact-intensive inquiry, and USCIS is better positioned to conduct the kinds of investigation and fact-gathering required to evaluate Petitioner's application. *See Ventura*, 537 U.S. at 17 ("The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.").

Finally, Petitioner makes various claims that USCIS bears "malicious intent to drag the petitioner back into an endless bureaucratic maze" (Dkt. No. 25 at 4), that USCIS will "weaponize the follow-up interview as a means of entrapment" (*id.* at 5), and that USCIS will engage in "retaliation" against Petitioner for filing the instant action (*id.* at 6), all of which are without any support. USCIS states that "[t]he delay is attributed to a DHS [Department of Homeland Security] investigation regarding [Petitioner's] eligibility for naturalization, including whether she has met the moral character requirement for naturalization." Dkt. No. 20 ¶ 3. Petitioner offers no evidence to suggest that the agency's explanation is incorrect or dishonest; in the absence of such evidence, the Court presumes that USCIS is "act[ing] properly and according to law." *Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) (quoting *Fed. Commc'ns Comm'n v. Schreiber*, 381 U.S. 279, 296 (1965)). If Petitioner's application is ultimately denied, she may seek judicial review after a hearing before an immigration officer. *See* 8 U.S.C. § 1421(c); *Nogami v. Garland*, No. C21-8019, 2022 WL 2764368, at *4 (C.D. Cal. July 13, 2022) ("[T]hese and the other concerns raised can all be more properly addressed on a full record upon judicial review if [petitioner's] application is denied."); *Gill*, 2016 WL 880952, at *2 ("[B]oth Plaintiff and the Court will benefit if USCIS first applies its unique expertise in immigration law to create a clear record for review.").

Accordingly, it is hereby ORDERED:

(1) The Court GRANTS Respondents' motion to remand (Dkt. No. 19).

(2) The Court REMANDS this matter to the United States Citizenship and Immigration Services with the following instructions:

    a. USCIS SHALL conduct a follow-up interview with Petitioner **within thirty (30) days** of this Order.

ORDER ON MOTION TO REMAND - 4

        b.      USCIS SHALL render a final determination on Petitioner's application **within thirty (30) days** of the follow-up interview. If a Notice of Intent to Deny is issued, USCIS SHALL render a final determination **within sixty (60) days** of the follow-up interview or **within thirty (30) days** of Petitioner's response to the NOID, whichever is sooner.

(3)    The Court STRIKES Petitioner's surreply (Dkt. No. 27) as improper.

(4)    The Court DIRECTS the Parties to file a joint status report **within seven (7) days** of completion of adjudication by USCIS.

(5)    The Court STAYS this matter pending a further Order to reopen or dismiss.

Dated this 19th day of April 2024.

                                                            Tana Lin
                                                            United States District Judge